IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID L. BARBER,

                        Petitioner,                              OPINION AND ORDER

    v.

UNITED STATES OF AMERICA,                                       25-cv-688-wmc

                        Respondent.

---

While confined at the Rock County Jail, petitioner David L. Barber filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody of the U.S. Bureau of Prisons. After reviewing the petition as required under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which also applies to proceedings governed by § 2241, the petition must be dismissed for the reasons explained below.

OPINION

On January 31, 2023, this court sentenced petitioner to 42 months' imprisonment with no term of supervised release following his guilty plea to charges of possessing a firearm in a school zone. *United States v. Barber*, No. 21-cr-95-wmc (W.D. Wis.)(dkt. #72). Petitioner was subsequently placed in a pre-release residential reentry center run by Rock Valley Community Programs in Janesville, Wisconsin, where he was afforded work release privileges. Petitioner alleges that he was transferred to the Rock County Jail by U.S. Marshals on July 2, 2025, without due process. Shortly thereafter, he filed this action for a federal writ of habeas corpus, seeking his release from confinement.

Available public records reflect that petitioner is no longer in custody, which raises a question about jurisdiction. A federal court cannot entertain an action unless it presents a "case or controversy" under Article III, § 2 of the Constitution. To satisfy this requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citation omitted). A federal court at "any stage of the proceeding" must dismiss a case when it can no longer "give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). Because it appears that the petitioner has been released, his claims have been rendered moot. *Spencer*, 523 U.S. at 7. Accordingly, this action must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by David L. Barber (dkt. #1) is DISMISSED without prejudice.

2. The clerk of court shall enter judgment and close this case.

Entered on this 11th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2